```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ROBERT DILLARD JONES,

                Plaintiff,
                                    MEMORANDUM AND DECISION
        -against-                   10-CV-2398 (JS)

STATE OF NEW YORK AGENCIES,
CITY OF NEW YORK AGENCIES, et al.,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Robert Dillard Jones, pro se
                    322 Main Street
                    Binghamton, NY 13905

For Defendants:

City of New         Ilana Alexandra Eck, Esq.
York Agencies       New York City Corporation Counsel
                    100 Church Street
                    New York, NY 10007

State of New        Dorothy O. Nese, Esq.
York Agencies       Ralph Pernick, Esq.
                    New York State Attorney General's Office
                    200 Old Country Road
                    Mineola, NY 11501

Other Defendants    No appearances.
```

SEYBERT, District Judge:

On May 27, 2010 Plaintiff Robert Dillard Jones ("Jones" or "Plaintiff") commenced this action against the State of New York Agencies ("State Agencies"), the City of New York Agencies ("City Agencies") (collectively, "New York Defendants"), and numerous other defendants. With respect to the State Agencies and the City Agencies, Plaintiff's Complaint alleges that both groups denied him equal protection and due process of law by refusing to prosecute

valid complaints of real estate fraud lodged with them.  It also alleges that this failure to adequately prosecute constituted gross negligence.

Pending before the Court are motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), filed by the State Agencies and the City Agencies.  For the following reasons, the New York Defendants' motions are GRANTED.  Plaintiff's Complaint is DISMISSED with regard to the New York Defendants.

## BACKGROUND[1]

In 1996, Plaintiff owned two properties located at 614 Wilson Avenue and 586 Wilson Avenue, Brooklyn, New York ("Properties").  (Compl., p. 4.)

That same year, Plaintiff entered into a contract for the sale of the Properties with defendants Larry Farber and Todd Farber, owners and officers of defendant Orange Realty Corp., also known as defendant Putnam Avenue Corp.  Plaintiff informed his attorney for the transaction, defendant Lazarowitz & Manganillo, P.C., that he would accept only cash or certified check in the amount of $61,500.00 for each of the Properties.  Id.

Unhappily, the Farbers never intended to pay cash but rather to defraud Plaintiff.  Id.  They did this by providing Plaintiff with a promissory note "disguised as a second mortgage

---

[1] The facts included in this section are alleged by Plaintiff and regarded as true for the purpose of this motion.

2

instead of the cash or certified check." Id. Soon after the closings concluded, Plaintiff discovered that "he was saddled, unwittingly, with a second unnecessary mortgage." Id. In furtherance of their scheme, the Farbers then defaulted on the second and first mortgages; in consequence, "the Properties would be turned over to the first mortgage for less than the value of the properties (flipping)." Id. Following this, the Farbers applied for "loans of said confiscated properties and collected rents until foreclosure (equity stripping.)" (Compl., p. 6.)

Thereafter, having stripped the Properties of Plaintiff's carpeting, the Farbers contrived plans to commit arson and collect on the Properties' insurance. Plaintiff, however, foiled this plot by alerting the New York City Fire Department. Id.

Ultimately, the Properties were sold at foreclosure sales, 586 Wilson on July 11, 2001, and 614 Wilson on July 17, 2006 and again on January 2, 2007. In alleging that he met with defendant Lazarowitz & Maganillo, P.C., in connection with the foreclosure proceedings, Plaintiff concedes that he was aware of them, but alleges that the law firm, like "all the parties such as the lenders, appraisers, and brokers," collusively schemed to defraud him. (Compl., p. 9.)

On September 5, 2006, Plaintiff brought a suit virtually identical to this one in New York State Supreme Court, Kings County, Index No. 30234/06, against the New York Defendants and

3

others.  As here, Plaintiff alleged that the New York Defendants committed negligence and denied him equal protection and due process of law by their refusal to prosecute the alleged mortgage fraud[s].

On June 8, 2007, the Supreme Court granted the New York Defendants' cross-motions, dismissing Plaintiff's complaint.  In particular, the Court held that Plaintiff's negligence, due process, and equal protection claims--virtually identical to Plaintiff's claims here--were time barred.  <u>Robert Dillard Jones v. Naziemul Safi, et al.</u>, Index No. 30234/06, (N.Y. Sup. Ct. June 8, 2007).  Plaintiff's subsequent appeals to the New York Supreme Court, Appellate Division, Second Department and the State of New York Court of Appeals were denied.  <u>See</u> City Agencies' Mem. in Supp. of Mot. to Dismiss, Exs. G-H.

<u>DISCUSSION</u>

I.  <u>Standard of Review</u>

To overcome a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Considering such a motion, the Court draws all reasonable inferences in favor of the party against whom dismissal is sought. <u>See</u> <u>Grandon v. Merrill Lynch & Co.</u>, 147 F.3d 184, 188 (2d Cir. 1998).

4

The New York Defendants have moved to dismiss under Rules 12(b)(1) and (6) on a number of grounds including, Sovereign Immunity, the Rooker-Feldman doctrine[2], Statute of Limitations, and collateral estoppel. For the sake of judicial economy, the Court reaches only the City Agencies' collateral estoppel argument, which the Court, sua sponte, construes as invoking res judicata to bar Plaintiff's claims against both New York Defendants. Res judicata is not jurisdictional; it is an affirmative defense. See Scherer v. Equitable Life Assurance Society of U.S., 347 F.3d 394, 400 (2d Cir. 2003). Thus, the Court analyzes the New York Defendants' motion under Rule 12(b)(6). Although as a general rule affirmative defenses are subject to waiver, it is well established in this circuit that the affirmative defense of res judicata may be raised sua sponte. Id.

II. Res Judicata Bar

The federal courts extend full faith and credit to state court judgments where the state courts themselves would do so. See Allen v. McCurry, 449 U.S. 90, 96, 101 S. Ct. 411, 415-16, 66 L. Ed. 2d 308 (1980).

Res judicata comes into effect when "a final judgment on the merits bars a subsequent action between the same parties over

---

[2] Because Plaintiff does not complain of injuries caused by a state court, the State Agencies' Rooker-Feldman argument is misplaced. See Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).

the same cause of action." Channer v. Dep't of Homeland Sec., 527 F.3d 275, 279 (2d Cir. 2008) (emphasis added.)

In Kirkland v. City of Peekskill, 828 F.2d 104, 109 (2d Cir. 1987), the Second Circuit recognized that New York state courts treat dismissal on statute of limitations grounds as sufficiently close to a decision on the merits to bar a second action.

Here, Plaintiff's negligence claims and claims under 42 U.S.C. § 1983 were raised, fully litigated and resolved on the merits in a New York Supreme Court decision that was subsequently affirmed, namely, Robert Dillard Jones v. Naziemul Safi, et al., Index No. 30234/06, (N.Y. Sup. Ct. June 8, 2007). Again, there the Supreme Court (correctly) concluded that both the negligence and § 1983 claims were time barred, thereby denying these claims on their merits. Accordingly, Plaintiff's federal Complaint, raising identical claims against the same defendants, is barred by res judicata.

Upon a close reading of the Complaint's third count, it is unclear to the Court whether Plaintiff presents a fresh due process claim under 42 U.S.C. § 1983, or merely rehashes the gross negligence and constitutional claims he litigated in state court. For the Complaint appears to blend assertions of due process rights and claims of gross negligence within the same count. Either way, the claim is barred. If a fresh claim, it comes far too late; in

New York, the statute of limitations for such constitutional claims brought under § 1983 is three years. See, e.g., Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir. 2004). And, while the governmental inaction of which Plaintiff complains occurred in either 1996 or 1997, he filed the Complaint in 2010. If it rehashes the claims he litigated in Supreme Court, res judicata bars it as outlined supra.

## CONCLUSION

For the reasons stated herein, the New York Defendants' motions to dismiss are GRANTED with prejudice. Both the City Agencies and the State Agencies are thereby removed from the case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    February   14  , 2011
          Central Islip, New York