```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROBERT DILLARD JONES,

                    Plaintiff,            MEMORANDUM & ORDER
                                          10-CV-2398(JS)(ARL)
          -against-

NAZIEMUL SAFI, 1418-1422 PUTMAN AVENUE
CORP., ORANGE REALTY CORP., LARRY
FARBER, TODD FARBER, GAYNOR & GAYNOR,
ESQ., JOSH SAPODINES, ESQ., LAZAROWITZ
& MANGANILLO, P.C., DEBCON FINANCIAL
SERVICES, INC., KINGS COUNTY, and
SUFFOLK COUNTY,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Robert Dillard Jones, pro se
                    P.O. Box 652
                    Binghamton, NY 13905

For Defendants:
For City of N.Y.    Ilana Alexandra Eck, Esq.
Agencies            New York City Corp. Counsel
                    100 Church Street
                    New York, NY 10007

For N.Y. State      Dorothy O. Nese, Esq.
Agencies            Ralph Pernick, Esq.
                    Office of the N.Y. State Attorney General
                    200 Old Country Road, Suite 240
                    Mineola, NY 11501

For Other           No appearances.
Defendants
```

SEYBERT, District Judge:

Robert Dillard Jones ("Plaintiff") commenced this action pro se on May 27, 2010 against Larry Farber, Todd Farber (collectively the "Farbers"), Naziemul Safi, 1418-1422 Putnam

1

Avenue Corp., Orange Realty Corp., Gaynor & Gaynor, Esq., Josh Sapodines, Esq., Lazarowitz & Manganillo, P.C., Debcon Financial Services, Inc. ("Debcon"), Kings County, Suffolk County, City of New York Agencies, and State of New York Agencies (collectively "Defendants"). On February 14, 2011, this Court dismissed the claims against the City of New York Agencies and the State of New York Agencies ("City and State Agencies").

Presently pending before the Court are: (1) Plaintiff's motion for reconsideration of the Court's February 14, 2011 Memorandum and Decision (Docket Entry 18); (2) Plaintiff's motions to amend his Complaint (Docket Entries 18, 19); (3) Plaintiff's motion for joinder of an additional claim under Rule 18 (Docket Entry 20); and (4) Plaintiff's motions for joinder of parties (Docket Entries 20, 24).

For the reasons that follow, Plaintiff's motions are DENIED.

BACKGROUND[1]

I. Mortgage Fraud Scheme

In 1996, Plaintiff owned two properties: one located at 614 Wilson Avenue and the other located at 586 Wilson Avenue, in Brooklyn, New York (the "Properties"). (Compl. 4.) That same year, Plaintiff contracted to sell the Properties to the

---

[1] The facts included in this section are alleged by Plaintiff and regarded as true for the purpose of this Memorandum and Order.

2

Farbers, the owners and officers of Defendant Orange Realty Corp., also known as Defendant 1418-1422 Putnam Avenue Corp. Plaintiff informed his attorney for the transaction, Defendant Lazarowitz & Manganillo, P.C., that he would accept only cash or certified check in the amount of $61,500.00 for each of the Properties. (Compl. 4.)

The Farbers, however, never intended to pay cash for the Properties; rather, according to Plaintiff, they were acting with Debcon in a conspiracy to defraud him. (Am. Comp., Docket Entry 19, ¶ 8.) To purchase 586 Wilson Avenue, Debcon and Steven LaSala, Debcon's representative and principal owner, provided the Farbers with a "fraudulent non existing loan" for $90,000. (Am. Compl. ¶ 8; Pl. Joinder Aff., May 20, 2011, ¶¶ 1-2.) The Farbers then provided a promissory note to Plaintiff, backed by the "fraudulent non existing loan" in exchange for the Property. (Compl. 5; Am. Compl. ¶ 8.) To purchase 614 Wilson Avenue, the Farbers provided Plaintiff with a promissory note backed by collateral in the form of property owned by Chandra Samaroo. Thereafter, the Farbers "unlawfully collected rents" and used the "unlawful seized" Properties as collateral to secure loans. (Pl. Aff., Mar. 31, 2011, ¶ 7.)

The Farbers subsequently defaulted on the notes to Plaintiff and the "loan" with Debcon, and in February 1997 the Properties were "turned over to the first mortgagee [Debcon

Financial Services, Inc.] for less than the value of the properties [flipping]." (Compl. 5-6 (alterations in original); see also Am. Compl. ¶ 10.) Plaintiff asserts that Debcon together with Rosa Sawyer "hold[] superior mortgage on said [P]roperties." (Pl. Joinder Aff., Apr. 11, 2011, ¶ 4.)

Also allegedly complicit in this mortgage fraud scheme are Defendants Gaynor & Gaynor, Esq. and Josh Sapodines, Esq., the attorneys who participated in the closing proceedings on the Properties on behalf of the Farbers (Am. Compl. ¶¶ 24-25) and Defendants Lazarowitz and Manganillo, P.C., Plaintiff's attorneys who falsely assured Plaintiff that the Farbers had sufficient capital to purchase the Properties (Am. Compl. ¶¶ 12-13).

## II. Foreclosure Proceedings

The Properties were subsequently sold at foreclosure proceedings instituted by Debcon--586 Wilson Avenue to an unidentified purchaser and 614 Wilson Avenue to Defendant Naziemul Safi. (Am. Compl. ¶¶ 3, 26.) Plaintiff asserts that these sales are invalid because (1) the assigned referees for both sales were aware of the ongoing fraud and of Plaintiff's purported interest in the Properties, yet allowed the proceedings to continue anyway (Am. Compl. ¶ 3), and (2) the dismissed Defendants, the City and State Agencies, denied Plaintiff due process by foreclosing on the Properties without

4

investigating his complaints regarding the mortgage fraud scheme (Am. Compl. ¶¶ 31-33).

III. State Court Action

On September 5, 2006, Plaintiff filed suit in New York State Supreme Court, Kings County (Index No. 30234/06), asserting the following causes of action: (1) mortgage fraud and racketeering against Naziemul Safi, 1418-1422 Putman Avenue Corp., the Farbers, Gaynor & Gaynor, Esq., Josh Sapodines, Esq., Lazarowitz & Maganillo, P.C., Debcon, Kings County and Suffolk County; (2) gross negligence and racial discrimination against the City and State Agencies; and (3) legal malpractice against Lazarowitz & Manganillo, P.C. The action was dismissed on June 8, 2007 as time-barred. (City of N.Y. Mot. to Dismiss, Docket Entry 9, Ex. F.) The dismissal was affirmed by the Appellate Division, Second Department, Jones v. Safi, 58 A.D.3d 603, 871 N.Y.S.2d 647 (2d Dep't 2009), leave to appeal to the Court of Appeals was denied, 13 N.Y.3d 901, 922 N.E.2d 877, 895 N.Y.S.2d 290 (2009), and Plaintiff's motion for reargument of the denial of leave to appeal was denied, 14 N.Y.3d 794, 925 N.E.2d 928, 899 N.Y.S.2d 125.

IV. Federal Action

Plaintiff commenced this action on May 27, 2010 against the Defendants asserting the following causes of action: (1) mortgage fraud against the Farbers, Orange Realty Corp., and

5

1418-1422 Putnam Avenue Corp. (Compl. Count I); (2) conspiracy and mortgage fraud against Lazarowitz & Manganillo, P.C., Debcon, Gaynor & Gaynor, Esq. and Josh Sapodines, Esq. and legal malpractice against Lazarowitz & Manganillo, P.C. (Compl. Count II); (3) due process and negligence against the City and State Agencies (Compl. Count III); (4) racial discrimination and equal protection against the City and State Agencies (Compl. Count VI.a-b); (5) due process and racial discrimination against Kings County (Compl. Count VI.c-d); and (6) racketeering against the Farbers, Debcon, Gaynor & Gaynor, Esq., Josh Sapodines, Esq. and Lazarowitz & Manganillo, P.C. (Compl. Count V). The Court dismissed all claims against the City and State Agencies (Counts III & VI.a-b) on February 14, 2011. (Docket Entry 17.) The remaining Defendants have not answered or otherwise appeared in this action.

## DISCUSSION

There are four motions pending--all filed by Plaintiff: (1) for reconsideration of the Court's February 14, 2011 Memorandum and Decision dismissing the City and State Agencies; (2) to amend the Complaint; (3) for joinder of claims; and (4) for joinder of parties. The Court will address each in turn.

I. Motion for Reconsideration

Local Civil Rule 6.3 states that "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Here, Plaintiff filed his motion for reconsideration on March 24, 2011--more than three weeks after the deadline for filing such a motion expired. As such, Plaintiff's motion for reconsideration (Docket Entry 18) is DENIED as time-barred.

II. Motion to Amend[2]

Plaintiff's Amended Complaint asserts the following causes of action: (1) mortgage, banking and insurance fraud against the Farbers (Am. Compl. ¶¶ 29-30); (2) violations of due process and the takings clause against the City and State Agencies (Am. Compl. ¶¶ 31-36); and (3) legal malpractice and conspiracy to commit real estate fraud against Lazarowitz &

---

[2] The Court notes that Plaintiff's Amended Complaint states that one of the remedies sought in this action is an entry of default judgment against the Farbers, Lazarowitz & Manganillo, P.C., and Naziemul Safi. This is improper for two reasons. First, this type of relief cannot be asserted in a complaint. If Plaintiff wishes to move for a default judgment, he must first move for an entry of default. If the Clerk of the Court enters a notation of default, then Plaintiff may move for an award of a default judgment. Second, Plaintiff's Amended Complaint supersedes the original Complaint, so Defendants must be served with a copy of this new complaint and given an opportunity to answer or otherwise appear before a motion for an entry of default will be entertained.

Manganillo, P.C. (Am. Compl. ¶¶ 37-38). Plaintiff also asserts a fourth cause of action seeking an "annulment" of the "tax lien foreclosure proceedings on the grounds of misconduct by the assigned referee[s]" and of the "Final Judgment of Foreclosure & Sale, Order by Judge Block, entered on May 13, 2008." (Am. Compl. ¶¶ 39-41.)

Although not listed as separate causes of action, Plaintiff also appears to be asserting a claim for conspiracy to commit fraud against Defendants Debcon, Josh Sapodines, Gaynor & Gaynor, Esq., and Naziemul Safi (Am. Compl. ¶¶ 22, 24, 25, 26) and against Kings County for injuries sustained as a result of the Supreme Court's "decisions erroneously declaring that Plaintiff was barred by the statute of limitations" (Am. Compl. ¶ 3). Defendants 1418-1422 Putnam Avenue Corp, Orange Realty Corp., and Suffolk County do not appear anywhere in the Amended Complaint.

A. Standard of Review

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings. Specifically, Rule 15(a) provides that a party may amend its complaint once as a matter of course twenty-one days after service of an answer or twenty-one days after service of a motion to dismiss, whichever is earlier. FED. R. CIV. P. 15(a)(1). All other amendments require either written consent from the other parties or the Court's

leave.  FED. R. CIV. P. 15(a)(2).  The Court's permission is "freely give[n] . . . when justice so requires."  Id.

Although the City and State Agencies moved to dismiss more than twenty-one days ago, "if the amendment affects all defendants or one or more of those that have not responded, then it generally is held that a . . . plaintiff may amend the complaint as of course with regard to those defendants that have not answered."  Pemrick v. Stracher, No. 92-CV-0959, 2005 WL 2921621, at *3 (E.D.N.Y. Nov. 4, 2005) (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 6 FEDERAL PRACTICE & PROCEDURE § 1481 (2d ed. 1990)).  Therefore, to the extent that Plaintiff seeks to amend his Complaint to assert claims against the City and State Agencies (Am. Compl. ¶¶ 31-36 (Second Cause of Action)), he needs leave of Court.  To the extent Plaintiff seeks to amend his Complaint as against all other Defendants (Am. Compl. ¶¶ 29-30, 37-41 (First, Third and Fourth Causes of Action)), he can amend as a matter of course.

  B.  Claims Against the City and State Agencies

Leave to amend should be liberally granted, particularly to pro se litigants.  See Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).  Notwithstanding Plaintiff's pro se status, however, "where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is

rightfully denied." Schwamborn v. Cnty. of Nassau, 348 Fed. Appx. 634, 635, (2d Cir. 2009) (quoting Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999)).

Plaintiff's allegations against the City and State Agencies fall into three categories: (1) claims nearly identical to the claims in his original complaint--namely that the City and State Agencies' failure to investigate and prosecute his repeated complaints of fraud prior to the foreclosure sales was grossly negligent and deprived Plaintiff of due process (Compl. Count III.a-b, d; Am. Compl. ¶ 32);[3] (2) that the City and State Agencies' tax lien foreclosure proceedings and "public sale/auction" of the Properties without "satisfaction of his mortgage notes" constitutes an unconstitutional taking (Am. Compl. ¶¶ 32-33); and (3) violations of New York state property laws (Am. Compl. ¶ 31). The Court will address each briefly.

First, the claims nearly identical to the claims in the original Complaint are clearly futile as the Court has already dismissed those exact claims as barred by either res judicata or the applicable statute of limitations. (Mem. & Decision, Feb. 14, 2011, at 6-7.) Plaintiff has not raised any

---

[3] Plaintiff's original Complaint also asserted equal protection claims against the City and State Agencies which were dismissed. Plaintiff appears to have abandoned these claims in his Amended Complaint.

10

new facts with respect to those allegations that cure that fatal flaw.

Second, Plaintiff has failed to state a claim for an unconstitutional taking because "[a] tax sale is not a taking for a public purpose because such sale is pursuant to the state's taxing power and not its power of eminent domain." In re Murphy, 331 B.R. 107, 128 (Bankr. S.D.N.Y. 2005) (collecting cases).

Finally, Plaintiff's state law claims are also futile. Plaintiff asserts violations of N.Y. Real Prop. Law § 275 and N.Y. Real Prop. Acts. § 1921--two statutes that impose obligations on mortgagees upon satisfaction and cancellation of mortgages and provide for penalties in the event of noncompliance. Here, Plaintiff is the mortgagee--the "person to whom payments are required to be made." N.Y. Real Prop. Acts. § 1921(9)(a). Since these statutes do not provide for liability of any individual or entity other than the mortgagee, Plaintiff has failed to state a claim for relief.

As such, Plaintiff's motion for leave to replead as against the City and State Agencies is DENIED.

C. Claims Against the Remaining Defendants

Since Plaintiff could amend as against the Remaining Defendants as a matter of course, Plaintiff's motion to amend with respect to those Defendants is unnecessary and is therefore

DENIED AS MOOT. See Fed. R. Civ. P. 15(a). Thus, Plaintiff's Amended Complaint replaces the original as the operative complaint.[4] See Arce v. Walker, 139 F.3d 329, 332 n.4 (2d Cir. 1998) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.") (quoting Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977)).

The Court, however, feels that most, if not all, of the claims in Plaintiff's Amended Complaint are barred by the doctrines of res judicata and Rooker-Feldman. Res judicata prevents a party from re-litigating issues that were or could have been brought in a prior action, see Brown v. Felsen 442 U.S. 127, 131, 99 S. Ct. 2205, 2209, 60 L. Ed. 2d 767, 772 (1979), and Rooker-Feldman bars federal courts from exercising appellate jurisdiction over final state-court judgments, see Lance v. Dennis, 546 U.S. 459, 463, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2005). Courts have the authority to raise both issues sua sponte. See Krepps v. Reiner, 377 Fed. Appx. 65, 66-67 (2d Cir. 2010) (res judicata); Doctor's Assocs. v. Distajo, 107 F.3d 126, 137 (2d Cir. 1997) (Rooker-Feldman). Thus the Court ORDERS Plaintiff to show cause by December 7, 2011, why his Amended

---

[4] Since Plaintiff was not granted leave to assert claims against the City and State Agencies, the claims asserted against those Defendants in the Amended Complaint (Am. Compl. ¶¶ 31-36) are not part of the operative complaint. See infra pages 9-11.

Complaint should not be dismissed as barred by res judicata and Rooker-Feldman.

III. Motion for Joinder of Claims

As Plaintiff has already amended his complaint once as a matter of course, any subsequent amendments require leave of court. See FED. R. CIV. P. 15(a). "In general, district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." Friedl v. City of N.Y., 210 F.3d 79, 87 (2d Cir. 2000) (citing Jones v. N.Y. Div. of Military & Naval Affairs, 166 F.3d 45, 50 (2d Cir. 1999)).

Here, Plaintiff seeks to add a claim for "relief pursuant to Rule 18(b), Joiner of Contingent Claims, of the Federal Rules of Civil Procedure." (Pl. Joinder Aff., Apr. 11, 2011, ¶ 8.) The Court finds that it would be futile to allow Plaintiff to assert this claim because no such cause of action exists. Rule 18(b) is procedural--it permits a party to join two claims, "even though one of them is contingent on the disposition of the other." FED. R. CIV. P. 18(b). And while Rule 18(b) does state that "a plaintiff may state a claim for money and a claim to set aside a conveyance that is fraudulent as to that plaintiff, without first obtaining a judgment for the money," that is merely a "specific example of the application of the principle set out in the first sentence of Rule 18(b)," 6

13

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1590 (3d ed. 2011). Rule 18(b) does not create any substantive right of recovery.[5] As such, Plaintiff's motion is DENIED.

IV. Motions for Joinder of Parties

Also pending are motions to join Chandra Samaroo, Rosa Sawyer and Steven LaSala ("Joinder Defendants") as Defendants in this action. (Docket Entries 20, 24.) In deciding whether to permit joinder of parties, courts apply the "'same standard of liberality afforded to motions to amend pleadings under Rule 15.'" Soler v. G & U, Inc., 86 F.R.D. 524, 528 (S.D.N.Y. 1980) (quoting Fair Hous. Dev. Fund Corp. v. Burke, 55 F.R.D. 414, 419 (E.D.N.Y. 1972)); accord Zheijiang Zec Import & Export Co. v. J.C. Sussman, Inc., No. 08-CV-4192, 2009 WL 3786470, at *1 (S.D.N.Y. Nov. 12, 2009). As with Rule 15 amendments, joinder may be denied as futile if the proposed pleading would not withstand a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Oneida Indian Nation of N.Y. v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003), rev'd on other grounds, 544 U.S. 197, 125 S. Ct. 1478, 161 L.

---

[5] Additionally, the Court notes that the relief that Plaintiff is seeking with respect to his proposed Rule 18 claim--the return of his property and/or monetary compensation (Pl. Joinder Aff., Apr. 11, 2011, ¶ 9)--is identical to the relief that he seeks in his Amended Complaint (Am. Compl. ¶¶ 42-43).

Ed. 2d 386 (2005); see also Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

The Court finds that joinder would be futile here as all claims are time-barred. Plaintiff asserts that the Joinder Defendants were integral to the "real estate fraud scheme that deprived Plaintiff of his property rights of Wilson Avenue, Brooklyn, New York real properties." (Pl. Joinder Aff., Apr. 11, 2011, ¶ 1.) Specifically, Plaintiff asserts that: "[i]t was Steven LaSala, who orchestrated the $90,000.00[] fictitious mortgage note loan to the Farber's (straw buyers) for the purchase of 586 Wilson Avenue" (Pl. Joinder Aff., May 20, 2011, ¶ 2); that Chandra Samaroo's property "was used as a basis of collateral down payment unwittingly to plaintiff for 614 Wilson Avenue" (Pl. Joinder Aff., Apr. 11, 2011, ¶ 2); and that the Properties were ultimately transferred to Debcon and Rosa Sawyer "who holds the superior mortgage notes on said properties" (Pl. Joinder Aff., Apr. 11, 2011, ¶ 4).

The statute of limitations for fraud in New York is six years from the date of the alleged fraud or two years from the date Plaintiff discovered the fraud, whichever is longer. N.Y. C.P.L.R. 213(8). The alleged fraud occurred in September 1996 when the mortgage note was executed and the closing on the Properties occurred and/or in February 1997 when the Farbers defaulted on the "fictitious" mortgages and the Properties were

15

transferred to Debcon and Samaroo.  Plaintiff discovered the alleged fraud by the fall of 1997 at the latest when he began filing complaints with the City and State Agencies.  (Am. Compl. ¶¶ 14-15.)  Thus, the limitations period has long expired.  As such, Plaintiff's motions for joinder are DENIED.

## CONCLUSION

For the reasons stated herein, Plaintiff's motions are DENIED, and Plaintiff is ORDERED TO SHOW CAUSE by December 7, 2011 why the claims asserted in his Amended Complaint are not barred by the doctrines of res judicata and Rooker-Feldman.

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: November __10__, 2011
       Central Islip, New York