UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROBERT DILLARD JONES,

                Plaintiff,

   -against-                          MEMORANDUM & ORDER
                                            10-CV-2398(JS)(ARL)
NAZIEMUL SAFI, 1418-1422 PUTMAN AVENUE
CORP., ORANGE REALTY CORP., LARRY
FARBER, TODD FARBER, GAYNOR & GAYNOR,
ESQ., JOSH SAPODINES, ESQ., LAZAROWITZ
& MANGANILLO, P.C., DEBCON FINANCIAL
SERVICES, INC., KINGS COUNTY, and
SUFFOLK COUNTY,

                Defendants.
----------------------------------------X

APPEARANCES:
For Plaintiff:       Robert Dillard Jones, pro se
                     P.O. Box 652
                     Binghamton, NY 13905

For Defendants:
For City of N.Y.    Ilana Alexandra Eck, Esq.
Agencies           New York City Corp. Counsel
                     100 Church Street
                     New York, NY 10007

For N.Y. State      Dorothy O. Nese, Esq.
Agencies           Ralph Pernick, Esq.
                     Office of the N.Y. State Attorney General
                     200 Old Country Road, Suite 240
                     Mineola, NY 11501

For Other           No appearances.
Defendants

SEYBERT, District Judge:

        On November 10, 2011, this Court ordered pro se Plaintiff Robert Dillard Jones ("Plaintiff") to show cause why the claims in his Amended Complaint should not be dismissed as

barred by res judicata or Rooker-Feldman. The Court has reviewed Plaintiff's lengthy (and often incomprehensible) response and hereby sua sponte DISMISSES his Amended Complaint in its entirety.

BACKGROUND

The Court assumes familiarity with the facts alleged in the Complaint which were described in detail in this Court's Order to Show Cause (Docket Entry 25). See Jones v. Safi, No. 10-CV-2398, 2011 WL 5524674, at *1-2 (E.D.N.Y. Nov. 11, 2011). The Court will, thus, only briefly review the relevant procedural history.

Plaintiff commenced this action on May 27, 2010 asserting the following causes of action: (1) mortgage fraud against Larry and Todd Farber (the "Farbers"), Orange Realty Corp., and 1418-1422 Putnam Avenue Corp. (Compl. Count I); (2) conspiracy and mortgage fraud against Lazarowitz & Manganillo, P.C., Debcon Financial Services, Inc. ("Debcon"), Gaynor & Gaynor, Esq. and Josh Sapodines, Esq. and legal malpractice against Lazarowitz & Manganillo, P.C. (Compl. Count II); (3) due process and negligence against the "City of New York Agencies" and the "State of New York Agencies" (the "City and State Agencies") (Compl. Count III); (4) racial discrimination and equal protection against the City and State Agencies (Compl. Count VI.a-b); (5) due process and racial

discrimination against Kings County (Compl. Count VI.c-d); and (6) racketeering against the Farbers, Debcon, Gaynor & Gaynor, Esq., Josh Sapodines, Esq. and Lazarowitz & Manganillo, P.C. (Compl. Count V). On August 11, 2010, the City and State Agencies filed motions to dismiss the Complaint (Docket Entries 7, 9), which were granted on February 14, 2011 (Docket Entry 17).

Over the next few months, Plaintiff filed four separate motions. First, on March 24, 2011, he filed a letter motion for reconsideration of the Memorandum and Order dismissing all claims against the City and State Agencies. (Docket Entry 18.) Less than a week later, he filed a motion to amend his Complaint to replead claims against all Defendants, including the City and State Agencies. (Docket Entry 19.) On April 11, 2011, he filed a motion for joinder of claims (Docket Entry 20), and on May 20, 2011 he filed a motion for joinder of parties (Docket Entry 24).

On November 10, 2011, the Court denied all of Plaintiff's motions. (Docket Entry 25.) His motion for reconsideration was denied as untimely. His motions for joinder were denied as futile. And, the Court also denied his motion for leave to file an amended complaint: to the extent that he sought leave to replead claims against the City and State Agencies, the Court denied his motion as futile, and to the

3

extent that he sought leave to replead claims against the remaining Defendants, the Court denied his motion as moot because he could amend as a matter of right against those Defendants. Thus, the Amended Complaint, with the exception of any claims asserted against the City and State Agencies, became the operative complaint.

In reviewing the Amended Complaint, however, the Court noted that most, if not all, of Plaintiff's claims were likely barred by res judicata or the Rooker-Feldman doctrine. Thus, the Court ordered Plaintiff to show cause why the Court should not sua sponte dismiss his remaining claims. Plaintiff responded to the Court's Order by filing: (1) an application for an order for Defendants to show cause "why an order, should not be issued pursuant to Fed. R. Civ. P. 65, enjoining the defendants during the pendency of this action as not being barred by the doctrines of res judicata and Rooker-Feldman;" (2) a "complaint in support of order to show cause;" (3) an affidavit and memorandum of law in support of his request for an order to show cause; and (4) exhibits in support. (Docket Entry 26.) The Court interprets these filings as Plaintiff's response to the Order to Show Cause and not as an application for another order to show cause or a Second Amended Complaint (which would been rejected for being filed without the Court's leave).

DISCUSSION

The Amended Complaint asserts the following causes of action:[1] (1) mortgage, banking and insurance fraud against the Farbers (Am. Compl. ¶¶ 29-30); (2) legal malpractice and conspiracy to commit real estate fraud against Lazarowitz & Manganillo, P.C. (Am. Compl. ¶¶ 37-38); and (3) a cause of action seeking an "annulment" of the "tax lien foreclosure proceedings" and of the "Final Judgment of Foreclosure & Sale, Order by Judge Block, entered on May 13, 2008" "on the grounds of misconduct by the assigned referee[s]" (Am. Compl. ¶¶ 39-41). Although not listed as separate causes of action, the Amended Complaint also mentions claims for conspiracy to commit fraud against Defendants Debcon, Josh Sapodines, Gaynor & Gaynor, Esq., and Naziemul Safi (Am. Compl. ¶¶ 22, 24-26) and against Kings County for injuries sustained as a result of the Supreme Court's "decisions erroneously declaring that Plaintiff was barred by the statute of limitations" (Am. Compl. ¶ 3).

For the following reasons, the Court sua sponte dismisses the Amended Complaint.

---

[1] The Amended Complaint also asserts claims against the City and State Agencies (Am. Compl. ¶¶ 31-36), but as Plaintiff was not granted leave to assert these claims they are not part of the operative complaint and will not be discussed herein.

5

I.  Res Judicata

The Court finds that Plaintiff's claims for fraud against the Farbers (Am. Compl. ¶¶ 29-30), for conspiracy to commit fraud against Debcon, Josh Sapodines, Gaynor & Gaynor, Esq., and Naziemul Safi (Am. Compl. ¶¶ 22, 24-26), and for legal malpractice against Lazarowitz & Manganillo, P.C. (Am. Compl. ¶¶ 37-38) are barred by res judicata.  Res judicata prevents a party from re-litigating issues that were or could have been brought in a prior action.  See Brown v. Felsen 442 U.S. 127, 131, 99 S. Ct. 2205, 60 L. Ed. 2d 767 (1979).  In New York,[2] res judicata applies when (1) "there is a judgment on the merits rendered by a court of competent jurisdiction," (2) "the party against whom the doctrine is invoked was a party to the previous action", and (3) the subsequent litigation is based upon "the same transaction or series of connected transactions."  People ex. rel. Spitzer v. Applied Card Sys., Inc., 11 N.Y.3d 105, 122, 894 N.E.2d 1, 12, 863 N.Y.S.2d 615, 626 (2008) (internal quotation marks and citation omitted).

Here, the first two factors are easily satisfied. Plaintiff's state court action--which asserted claims for, inter alia: (1) mortgage fraud and racketeering against Naziemul Safi,

---

[2] Federal courts must apply the rules and laws of the state in which a judgment was rendered to determine its res judicata effects.  See Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 373, 116 S. Ct. 873, 134 L. Ed. 2d 6 (1996).

1418-1422 Putman Avenue Corp., the Farbers, Gaynor & Gaynor, Esq., Josh Sapodines, Esq., Lazarowitz & Manganillo, P.C., Debcon, Kings County and Suffolk County and (2) legal malpractice against Lazarowitz & Manganillo, P.C.--was dismissed as time-barred. Jones v. Safi, No. 30234/06 (N.Y. Sup. Ct. June 8. 2007).[3] And a dismissal in a New York court for failure to sue within the applicable limitations period is "on the merits" for the purposes of res judicata. See EFCO Corp. v. U.W. Marx, Inc., 124 F.3d 394, 397 (2d Cir. 1997). Additionally, it is undisputed that Plaintiff was a party to that state action. (Am. Compl. ¶¶ 4-5.)

The remaining issue is whether Plaintiff's litigation in this case is based on the same series of transactions as the earlier case. In answering this question, New York courts apply a "pragmatic" test, asking "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations . . . ." Xiao Yang Chen v. Fischer, 6 N.Y.3d 94, 100, 843 N.E.2d 723, 725, 810 N.Y.S.2d 96, 98 (2005) (internal quotation marks and citation omitted).

---

[3] The dismissal was affirmed by the Appellate Division, Second Department, Jones v. Safi, 58 A.D.3d 603, 871 N.Y.S.2d 647 (2d Dep't 2009), leave to appeal to the Court of Appeals was denied, 13 N.Y.3d 901, 922 N.E.2d 877, 895 N.Y.S.2d 290 (2009), and Plaintiff's motion to reargue the denial of leave to appeal was also denied, 14 N.Y.3d 794, 925 N.E.2d 928, 899 N.Y.S.2d 125 (2010).

Here, the causes of action for fraud and legal malpractice asserted in the Amended Complaint are identical to the causes of action for fraud and malpractice asserted in the state court action. Accordingly, the Court finds that these claims are barred by res judicata and, thus, they are hereby sua sponte dismissed.[4]

II. Rooker-Feldman

The Court finds that Plaintiff's claim against Kings County for injuries sustained as a result of the Supreme Court's "decisions erroneously declaring that Plaintiff was barred by the statute of limitations" (Am. Compl. ¶ 3; see also Am. Compl. ¶¶ 6-7) is barred by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine applies when: (1) the federal plaintiff lost in state court; (2) he complains of injuries caused by a state court judgment; (3) he invites the federal court to review and reject that state court judgment; and (4) the state-court judgment was rendered before the district court proceedings commenced. See Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). Here, it is indisputable that: (1) Plaintiff lost in state court, having had his state court action dismissed on the merits, Jones v. Safi, No. 30234/06 (N.Y. Sup.

---

[4] A district court may invoke the doctrine of res judicata sua sponte. See O'Connor v. Pierson, 568 F.3d 64, 68 n.2 (2d Cir. 2009); Doe v. Pfrommer, 148 F.3d 73, 80 (2d Cir. 1998); Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993).

Ct. June 8. 2007); (2) Plaintiff complains of injuries caused by that state court judgment (see Am. Compl. ¶ 3 ("Plaintiff Sustained Injuries From The State Courts [sic] Decisions Erroneously Declaring That Plaintiff Was Barred By The Statute Of Limitations . . . ."); (3) Plaintiff asserts that he has a "U.S. Constitutional right to take a de facto appeal to the district courts from a judgment from the state court" (Pl. Mem. in Supp. of Am. Comp. at 3); and (4) this action was commenced two months after the Court of Appeals denied Plaintiff's motion to reargue the denial of leave to appeal. Accordingly, this claim is barred by the Rooker-Feldman doctrine and is hereby sua sponte DISMISSED.[5]

III. Relief from Judgment

The last remaining claim in Plaintiff's Amended Complaint is for an annulment of the Final Judgment of Foreclosure and Sale entered by Judge Frederic Block in the United States District Court for the Eastern District of New York on the grounds that (i) the assigned referees concealed the fact that Plaintiff contacted them regarding his then-pending state court action and (ii) Debcon failed to disclose that it was no longer a legal entity prior to the foreclosure sale.

---

[5] The applicability of the Rooker-Feldman doctrine may also be raised by the Court sua sponte. See Moccio v. N.Y. State Office of Court Admin., 95 F.3d 195, 198 (2d Cir. 1996), abrogated in part on other grounds, Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

9

(Am. Compl. ¶ 3.) The Court finds that this claim is also barred by res judicata.

Under Rule 60(d)(1) of the Federal Rules of Civil Procedure, the Court may "entertain an independent action to relieve a party from a judgment, order, or proceeding." In order to properly maintain an action for equitable relief from a judgment, Plaintiff must: "(1) show that [he] ha[s] no other available or adequate remedy; (2) demonstrate that [his] own fault, neglect, or carelessness did not create the situation for which [he] seek[s] equitable relief; and (3) establish a recognized ground--such as fraud, accident or mistake--for the equitable relief." <u>Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.</u>, 117 F.3d 655, 661 (2d Cir 1997) (citing <u>Cresswell v. Sullivan & Cromwell</u>, 922 F.2d 60, 71 (2d Cir. 1990)). Here, Plaintiff fails to satisfy the first requirement, as he had an adequate remedy at law. Under Rule 60(b)(3), Plaintiff could have filed a motion before Judge Block to vacate the Final Judgment of Foreclosure and Sale on the grounds of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" so long as the motion was made within one year from the date of the Judgment. FED. R. CIV. P. 60(b)(3), (c)(1). "Having failed to take advantage of the adequate remedy at law offered by Rule

60(b)(3), [Plaintiff] may not now seek relief in equity." Campaniello Imports, 117 F.3d at 662-63.

Absent a viable direct attack on the Judgment of Foreclosure, the relief Plaintiff seeks is barred by res judicata, see id. at 663, and accordingly this claim is also sua sponte DISMISSED.

## CONCLUSION

For the foregoing reasons, the remaining claims in Plaintiff's Amended Complaint are sua sponte DISMISSED. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: October  3 , 2012  
       Central Islip, New York